Hillsborough,    No. 4183.
Feb. 3, 1953.

JOHN D. WILCOX & a., *Board of Education of Nashua*

*v.*

LESTER H. BURNHAM & a., *Mayor and Aldermen of Nashua.*

*John D. Wilcox, Bolic A. Degasis* and *Charles J. Flynn* (*Mr. Flynn* orally), for the plaintiffs.

*Louis M. Janelle,* city solicitor (by brief and orally), for the defendants.

DUNCAN, J.   The city of Nashua, like most other New Hampshire cities (Report of the Legislative Committee to Study the State Educational System (1946) 162, 163), and unlike most New Hampshire towns (Laws 1885, chapter 43; *Wheeler* v. *Alton,* 68 N. H. 477), under its charter is itself a school district.   Laws 1913, *c.* 427, Part 1, *s.* 74.   See Laws 1868, *c.* 6.   It is expressly endowed with all the powers of a school district.   Laws 1923, *c.* 227, *s.* 2.   "Under the charter but a single corporation is created, *viz.,* the city."   *Toussaint* v. *Fogarty,* 80 N. H. 286, 289.   The issue presented by the defendants' exception is therefore governed by charter provisions.

The administration of the fiscal and prudential affairs of the city "except as herein otherwise provided," are vested in the mayor, and board of aldermen.   Laws 1913, *c.* 427, Part 1, *s.* 4.   All appropriations to be met from any source other than loans are to be recommended by the mayor who is required to submit the annual city budget to the board of aldermen.   *Id., s.* 56.   The board may reduce or reject any item, but may not increase the budget in any way without the approval of the mayor.   *Id.*   To aid in the preparation of the budget, the board of education and other departments having the disbursement of appropriations are required to submit detailed estimates of appropriations needed for the year.   *Id.*

Section 48 of the charter provides that, except as otherwise provided, the board of aldermen shall have all the powers and discharge all the duties conferred or imposed upon city councils, or boards of mayor and aldermen "by chapters 46 to 50 inclusive of the Public Statutes," now chapters 62 to 66 inclusive, Revised Laws. Under this provision the board may be considered to have the power

to provide for the "appointment or election of all necessary officers . . . not otherwise provided for," and to "fix their compensation" (R. L., c. 66, s. 2) ; and to be required to "take proper care that no money be paid from the city treasury unless previously granted and appropriated." *Id., s.* 7. The charter specifically provides that the finance committee shall not allow any department to overdraw its appropriation without authority by special action of the board of aldermen. *S.* 53.

As against these general powers of the board of aldermen, the authority of the board of education and specifically its authority with reference to salaries is to be considered. Section 74 of the charter provides that the city shall continue to constitute one school district, and that "the school committee of said city" shall be styled the board of education. It further provides: "It shall perform all such duties as the school committee in towns is required by law to perform. . . ." At the time of enactment of the charter in 1913, school committees in towns, by that name, had become a thing of the past. By 1901 performance of the duties formerly entrusted to school committees in towns (G. L., c. 89) had been combined with other duties formerly belonging to prudential committees of school districts (G. L., c. 87, s. 14), and entrusted to a single "school board." P. S., c. 92. *Horne* v. *School District*, 75 N. H. 411. *Cf.* also, G. L., c. 87, s. 19. These duties included the duty, formerly that of the prudential committee, to select and hire teachers for the district. G. L., c. 87, s. 14; P. S., c. 92, s. 2. Thus it may fairly be inferred to have been intended by the charter of 1913 that the board of education of the city of Nashua should have the duties of school boards including the duty of selecting and hiring teachers.

That it was intended that the board of education should have the power to fix the compensation of teachers is confirmed by other provisions of the charter. These provisions, upon which the plaintiffs place strong reliance, were originally and now are as follows: "In all cases where salaries or wages for services are paid from the municipal treasury, the compensation shall be determined by the board of aldermen upon recommendation of the several departments, excepting those employed in connection with the schools." Laws 1913, *c.* 427, Part 1, *s.* 42. Laws 1941, *c.* 278. Thus, while not expressly so provided by the charter, the authority to fix the salaries and wages of those employed in connection with the schools has by implication been left with the board of education. The history of section 42 tends to support this implication. By amendment in

1937, the section was replaced by a new section providing in part as follows: "In all cases where salaries or wages for services are paid from the municipal treasury, the compensation shall be determined by the heads of the several departments. In no instance however shall the salary requirements of the several departments exceed the yearly appropriation granted by the board of aldermen." Laws 1937, *c.* 314. In 1941, the quoted provisions were stricken from the charter, and the original language of section 42 reinstated. Laws 1941, *c.* 278. The intention thus appears to be plainly indicated, to return to the board of aldermen the power to fix the compensation of city employees which had briefly been vested in the several departments subject to the limit imposed by appropriation; but to except from this return the power to determine the compensation of employees of the school department.

It is likewise reasonably plain that the Legislature intended the plaintiffs to have the right to fix the compensation of school employees without the limitation by appropriation which was contained in the 1937 amendment. Incidentally, such an interpretation is consistent with regulations of the state board of education promulgated pursuant to provisions of the general law adopted in 1919. R. L., *c.* 134, *s.* 5; Regulations of the State Board of Education: "Powers and Duties of School Boards (*s.* 1)." As to the effect of such a general revision, see *Attorney General* v. *Hunter,* 92 N. H. 206, 209.

The defendants argue that even if the city board of education has the power to fix the salaries of school employees, the power is still subject to control by the board of aldermen through its power of appropriation given by section 56 of the charter, *supra.* Reference is also made by way of analogy to provisions of the general law relating to the purchase of land for schoolhouses. R. L., *c.* 141, *s.* 2. The absence from the Nashua charter of provisions comparable to R. L., *c.* 141, *s.* 2, and the repeal of Laws 1937, *c.* 314, lead to the conclusion that no such restriction upon the power of the board of education was intended. The case of *Baker* v. *Nashua,* 77 N. H. 347, presented somewhat comparable circumstances. Laws 1913, *c.* 148, *s.* 4, empowered the Nashua police commission to fix the compensation of police officers. Laws 1891, *c.* 208, *s.* 8, had previously conferred similar authority upon the Nashua city councils and had likewise provided that expenditures for the police force should not exceed its appropriation. In holding that the 1891 provisions were repealed by the 1913 enactment, the

court said: "Section 4, chapter 148, Laws 1913, therefore gives the commission the right to pledge the credit of the city to the extent necessary to pay the men it thinks should be employed . . . and by necessary implication makes it the duty of the city council to provide the money necessary for that purpose. . . ." (*P.* 349). By a parity of reasoning, we think that when it reserved to the board of education the right to fix the compensation of teachers, the Legislature intended that the right should not be limited by the general grant of power of appropriation to the board of aldermen; and that "by necessary implication" the board of aldermen has the duty to provide the funds necessary to pay the compensation so fixed. "It was not the purpose of the statute that the [board of education] should be hampered in its duties . . . by granting the mayor and aldermen power to restrict and embarrass it. . . ." *Amyot* v. *Caron*, 88 N. H. 394, 396.

We conclude that it was the duty of the mayor and board of aldermen to provide the funds necessary to pay to school employees compensation as determined by the board of education. It follows that the decree of the Trial Court was properly entered.

*Exception overruled.*

LAMPRON, J., did not sit: the others concurred.